No. 2878.—CITY OF NEW ORLEANS *v.* A. W. WALKER

The burden falls on a taxpayer, who aims to go behind the assessment roll, of showing that
he applied to have it corrected within the time allowed by law

APPEAL from the Seventh District Court, parish of Orleans. *Collens,*
J.   *George S. Lacey,* City Attorney, for plaintiff and appellee.
*John S. Tully,* for defendant and appellant.

TALIAFERRO, J.   We gather from the pleadings that upon a motion
made in the Seventh District Court of New Orleans by the assistant
city attorney, for judgment against the defendant on a tax bill amount-
ing to $643 50, due the plaintiff, the defendant filed an exception and
answer, averring that he is an inhabitant of the parish of St. Bernard,
and is properly taxable there; that the property, assessed at $30,000,
is not urban but extra urban property.   He denies that he owes the

plaintiff anything, and sets up against the plaintiff a large reconventional demand. The exception was overruled, the motion for judgment against the plaintiff was sustained, and he prosecutes this appeal.

We think the judgment of the lower court correct. The law prescribes the mode by which erroneous assessments of property may be corrected. It is by examining the assessment rolls within the time allowed the taxpayers for having errors corrected, of which due notice is given. Having failed to avail himself of the privilege of examining the tax rolls and having them corrected if necessary, the injury, if any, is the result of his own inattention. *Vigilantibus, non dormientibus subvenit lex.*

We do not see that he has made out by the proof he introduced that the property assessed at $30,000 is not taxable by the city. A party aiming to go behind the assessment roll ought to give some satisfactory reason why he did not have the corrections made within the time assigned for corrections. He should specially allege and prove the errors. 21 An. 439. All the formalities required by the special laws for the assessment and collection of the city taxes appear to us to have been followed, and the defendant has not satisfied us that he is entitled to relief.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.